IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES BRIAN CLARK                                                                                           PETITIONER

v.                        Civil No. 3:21-cv-03019-TLB-MEF

SHERIFF JIM ROSS,
Carroll County, Arkansas                                                                                    RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 2). Petitioner, James B. Clark ("Clark"), initially filed his Petition with the Court of Appeals for the Ninth Circuit. The case was transferred to this Court for decision. Also pending are Clark's Motion for Leave to Proceed *In Forma Pauperis*,[1] Motion for Order, Motion for Appointment of Counsel, and Motion for Sanctions. (ECF Nos. 3-6). The Respondent has not been directed to file a response and none is necessary. The matter is ready for report and recommendation.

### I.   BACKGROUND

The Petition concerns Clark's state criminal cases pending before the 19th Judicial Circuit in Carroll County, Arkansas, *State of Arkansas v. James Brian Clark,* Case No. 08ECR-2019-141 and Case No. 08ECR-2019-182.[2] In Case No. 08ECR-2019-141, Clark is charged with one count of kidnapping, seven counts of Terroristic Threatening in the 1st Degree, two counts of Aggravated

---

[1] The IFP motion is deficient in that it does not attach a statement of account, certified by the appropriate institutional officer, reflecting the status of Clark's institutional account for the past 6-months.
[2] The Court located Clark's state court case information on caseinfo.arcourts.gov. References to the state proceedings are taken from this information.

1

Assault, and two counts of Domestic Battery in the 2nd Degree. In Case No. 08ECR-2019-182, Clark is charged with two counts of Domestic Battery in the 2nd Degree and one count of Violation of a No Contact Order.

Clark initially filed a Petition for Writ for Habeas Corpus under 28 U.S.C. § 2254, *Clark v. Ross*, Civil No. 3:21-cv-03001. The Petition was construed as properly being a petition under 28 U.S.C. § 2241. The Petition was then dismissed without prejudice under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Next, Clark filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, *Clark v. Ross,* Civil No. 3:21-cv-03009. This Petition was dismissed on two grounds: first, Clark failed to pay the $5 filing fee or complete a Motion to Proceed IFP, and second, the Petition was dismissed under the abstention doctrine of *Younger.*

In addition to these habeas cases, Clark has filed three civil rights actions under 42 U.S.C. § 1983. In his first action, *Clark v. Allen, et al.*, Civil No. 3:20-cv-03062, Clark named as Defendants three Public Defenders, Robert Allen, Robert S. Parks, and Tony Pirani, and Prosecuting Attorney Tony Rogers. This case was dismissed at the preservice screening stage under 28 U.S.C. § 1915A. The Public Defenders were dismissed because they did not act under color-of-law for purposes of § 1983. The Prosecuting Attorney was dismissed because he was immune from suit. In his second action, *Clark v. Rogers, et al.*, Civil No. 3:20-cv-03067, Clark named as Defendants Tony Rogers, the Prosecuting Attorney, and Tony Pirani, his Public Defender. This action was dismissed at the preservice screening stage because the Prosecuting Attorney was immune from suit and the Public Defender did not act under color-of-law. In his third action, *Clark v. Rogers, et al.*, Civil No. 3:20-cv-03074, Clark again named as Defendants Tony Rogers and Tony Pirani. This case was also dismissed at the preservice screening stage for the reasons stated above.

According to his current § 2241 Petition (ECF No. 2), Clark was arrested on July 3, 2019, and has been held pending trial.[3] Clark indicates he has filed in the Carroll County Circuit Court Motions for Speedy Trial, Motions for Substitute Counsel, Writs of Mandamus, and other petitions. *Id.* at 5. He also indicates he has asked for a compassionate release, a bond reduction, and release on his own recognizance. Clark maintains he is innocent of the charges against him and wants his day in court. He asserts that he has not spoken to, or received a letter from, Tony Pirani in over a year.

Review of the docket sheets in Clark's criminal cases reveal that there was some initial delay caused by the Court granting defense's motion for the appointment of a special judge. The Hon. Gary Arnold, Circuit Judge of the 22nd Judicial District, was appointed to hear Clark's cases. Shortly after, a scheduling order was entered scheduling the cases for a two-day jury trial on May 26-27, 2020. Clark's attorney at that time, Robert Scott Parks, moved to withdraw citing a conflict of interest. On April 3, 2020, the Arkansas Supreme Court entered a per curiam order suspending summonses for jury panels through June 30, 2020 due to the COVID-19 Pandemic. *In re Response to COVID-19 Pandemic*, 2020 Ark. 132 (per curiam). This effectively vacated the May jury trial setting. In the meantime, Attorney Parks was allowed to withdraw. Attorney Tony Pirani entered his appearance on May 12, 2020.

On August 28, 2020, Attorney Pirani filed a notice of intent to put in issue Clark's fitness to proceed at trial and indicated an intent to raise the affirmative defense of lack of criminal

---

[3] The docket sheet in Case No. 08 ECR-2019-141 indicates Clark was arrested on July 5, 2019 and released on bond on July 8, 2019. On August 5, 2019, a no contact order was entered. On September 24, 2019, a Motion to Revoke Bond was filed on the grounds that Clark was not abiding by the no contact order. The Motion to Revoke Bond was reserved until a special judge was appointed. Judge Arnold was assigned the case and scheduled a pretrial hearing for December 20, 2019. It is not clear from the docket sheet when Clark's bond was revoked.

responsibility. Orders directing a forensic examination were entered on September 2, 2020. On September 11, 2020, a scheduling order was entered reflecting the procedural history of these cases, including those periods of time excluded for speedy trial purposes. The forensic report diagnosing Clark with intermittent explosive disorder, but finding Clark competent to stand trial, was submitted on November 23, 2020 and filed of record on December 15, 2020. The most recent filing was on March 22, 2021 and is a copy of the forensic evaluation submitted on November 23, 2020.

In the current Petition, which was deemed filed as of March 1, 2021, Clark challenges the constitutionality of his pending state criminal cases. Specifically, he asserts four separate grounds for relief: (1) violation of his right to a speedy trial; (2) violation of his Due Process right to a trial before a jury; (3) violation of his right to the effective assistance of counsel; and (4) the existence of a conflict of interest because the Prosecuting Attorney Rogers formerly represented Clark as his public defender. (ECF No. 2 at 6-7). As relief, Clark wants the charges against him dismissed, a reduction of bond and/or release on his own recognizance, appointment of counsel, and recusal of Prosecuting Attorney Rogers on the grounds of a conflict of interest. *Id.* at 7.

## II.   LEGAL STANDARD

Section 2241 extends the writ of habeas corpus to pretrial detainees "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987).

> Despite the absence of an exhaustion requirement, in the statutory language, a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

4

*Id.* at 225.

As stated by the Supreme Court in *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973):

> The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement. It cannot be used as a blunderbuss to shatter the attempt at litigation of constitutional claims without regard to the purposes that underlie the doctrine and that called it into existence. As applied in our earlier decisions, the doctrine preserves the role of the state courts in the application and enforcement of federal law. Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. Second, the doctrine preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings. It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts.

*Id.* at 490-91 (cleaned up).

Thus, while federal courts have jurisdiction over pretrial habeas petitions, "federal courts are reluctant to grant pre-trial habeas relief." *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). In determining whether a pretrial detainee has exhausted his state remedies, it is important to look at both the grounds raised, and the relief sought. *Braden*, 410 U.S. at 489. "[F]ederal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* (cleaned up). In *Braden*, the Supreme Court allowed a denial of speedy trial claim to proceed where there was an interstate detainer and the petitioner sought to "demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial." *Id.* at 489-90. The evidence showed that he had made repeated demands for trial in the courts of Kentucky. *Id.* at 490.

Under the circumstance, the Supreme Court held he had exhausted his state remedies. *Id.* at 489.

### III. DISCUSSION

1. **Abuse of the Writ**

The successive petition restrictions of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(a), do not apply to § 2241 habeas petitions. Thus, the Court looks to the common-law abuse of the writ doctrine. This doctrine "in general prohibits subsequent habeas consideration of claims not raised, and thus defaulted, in the first federal habeas proceeding." *McCleskey v. Zant*, 499 U.S. 467, 490 (1991) (overruled in part by statutory enactment of the AEDPA). The § 2241 Petition at issue in this case is Clark's third such petition. Although he alleges slightly different facts and/or grounds in support of each petition, all deal with the same underlying criminal cases and his two primary issues that he is being denied a speedy trial and is being denied adequate counsel. Any grounds not previously raised, were known to Clark at the time and could have been raised in his first petition. This § 2241 petition is an abuse of the writ.

2. **Failure to Exhaust State Remedies**

With respect to his speedy trial claim, Clark seeks to assert an affirmative defense prior to his case being brought to trial. He may assert "a speedy trial defense [in state court] when, and if, he is finally brought to trial." *Braden,* 410 U.S. at 489. Clark has therefore not "exhausted all available state remedies as a prelude to this action." *Id.* Clark cannot at this time ask the federal courts for a habeas corpus ruling that would result in the dismissal of his state law claims.

With respect to his right to due process, right to counsel, and conflict of interest grounds, as noted by the Supreme Court in *Braden*, the exhaustion requirement, applied to claims under §

2241(c)(3), "is a judicially crafted instrument which reflects a careful balance between important interests of federalism" and "preserves the role of the state courts in the application and enforcement of federal law." *Id.* at 490. This balance is only preserved here by requiring Clark to first bring these issues to the state courts. While Clark argues he has submitted numerous motions to the state court, none appear on the criminal docket sheets. Further, the copies of motions Clark has attached to his petition, do not bear any indication that they were submitted to the state court.

### 3. The Doctrine of Abstention

Alternatively, to the extent Clark's Petition raises issues that may be resolved by trial or other state process, his claims are barred by the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), "the Supreme Court held that, consistent with our nation's commitment to the principles of comity and federalism, a federal court should abstain from exercising jurisdiction in cases where there is a parallel, pending state criminal proceeding, so long as certain conditions are met." *Minnesota Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 551 (8th Cir. 2018). The Court should abstain from hearing a case when: "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood Dickey,* 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)).

There are ongoing state judicial proceedings pending against Clark, which implicate the important state interest in enforcing state criminal law, and those pending state criminal proceedings afford Clark an adequate opportunity to raise the constitutional questions he now presents. While Clark maintains he has sent motions, petitions, writs, letters and applications to

the state court and he has received no response or reply, as noted above, the docket sheets in his state criminal cases do not reflect that. The materials attached to the Petition contain nothing suggesting his motions were filed and/or were returned to him unfiled.

Moreover, Clark ignores the delays caused by the COVID-19 pandemic. Beginning on March 17, 2020, the Arkansas Supreme Court announced implementation of precautionary measures due to the pandemic, including the suspension of in person proceedings, and it ordered that for criminal trials any delay for speedy-trial purposes shall be deemed to presumptively constitute good cause under Arkansas Rule of Criminal Procedure 28.3(h). *See In re Response to the COVID-19 Pandemic,* 2020 Ark. 116 (per curiam). Jury trials were scheduled to begin again on June 30, 2020. *See In re Response to the COVID-19 Pandemic,* 2020 Ark. 249 (per curium). In November, jury trials that had not already begun, were suspended again until January 15, 2021. *In re Response to the COVID-19 Pandemic,* 2020 Ark. 384 (per curiam). In this Per Curiam, the Arkansas Supreme Court acknowledged "that there are defendants awaiting trial beyond twelve months," and criminal courts were ordered to review their dockets for criminal cases that are outstanding for more than twelve months where the defendant either did not receive bond or has not met bond and evaluate whether there are any reasons to reconsider bond. *Id.* Again, the Supreme Court stated that for criminal trials any delay due to precautions against the COVID-19 pandemic shall presumptively constitute good cause under Arkansas Rule of Criminal Procedure 28.3(h) and shall constitute an excluded period for speedy trial purposes. *Id.*

The suspension of jury trials was extended to February 28, 2021. *In re Response to the COVID-19 Pandemic*, 2021 Ark. 1 (per curiam). Another extension, through April 30, 2021, was ordered on February 12, 2021. *In re Response to the COVID-19 Pandemic,* 2021 Ark. 30 (per curiam). An end to the suspension of jury trials is effective on May 1, 2021. *In re Response to*

8

*COVID-19 Pandemic*, 2021 Ark. 72 (per curiam).

While it is entirely understandable that Clark is frustrated by the delays in his criminal cases caused in large part by the COVID-19 pandemic, this is not the type of bad faith, harassment, or other unusual circumstance that would permit this Court to intervene in his pending state court criminal proceedings. The COVID-19 Pandemic has caused enumerable delays in both state and federal court proceedings and caused disruption in virtually all aspects of life. Pursuant to *Younger,* Clark must raise his claims of Constitutional violations in his state court criminal cases.

## IV.  CONCLUSION

For the reasons and upon the authorities discussed above, it is recommended that Clark's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 2) be **DISMISSED WITHOUT PREJUDICE.**

It is also recommended that Clark's Motion for Leave to Proceed IFP (ECF No. 3), his Motion for Order (ECF No. 4), his Motion for Appointment of Counsel (ECF No. 5), and his Motion for Sanctions (ECF No. 6) be **DENIED as MOOT.**

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(b) and (c)(2); *see Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). A "substantial showing" is a showing that "issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (cleaned up). Based upon the above analysis of Clark's § 2241 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends that a certificate of appealability be

denied.

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 14th day of April 2021.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE